NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: JUANA MEDINA, | No. 18-60063 |
| Debtor, | BAP No. 18-1120 |
| ------------------------------ | |
| JUANA MEDINA, | MEMORANDUM* |
| Appellant, | |
| v. | |
| DANIEL'S JEWELERS, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Faris, Bankruptcy Judges, Presiding

Submitted February 11, 2020**
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Juana Medina appeals the bankruptcy court's decision overruling her claim

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

objection for failure to prosecute. The Bankruptcy Appellate Panel affirmed the bankruptcy court's decision. Reviewing the bankruptcy court's decision for abuse of discretion, *see Dunmore v. United States*, 358 F.3d 1107, 1111 (9th Cir. 2004); *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994), we affirm.

A bankruptcy court's decision to overrule a claim objection for failure to prosecute is governed by the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d at 1451. "Although beneficial to the reviewing court," the bankruptcy court "is not required to make specific findings on each of the essential factors." *Id.* Reversal is inappropriate unless this Court has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (quotations omitted).

The bankruptcy court did not abuse its discretion in overruling Medina's claim objection, which concerned a $201.03 unsecured debt to appellee Daniel's Jewelers. The bankruptcy court originally scheduled an evidentiary hearing on Medina's claim objection for January 24, 2018, at which Medina did not appear. The bankruptcy court continued the hearing to February 21, 2018, but made clear: "your client better be here; and if she's not, the matter will be against your client, along with fees toward

2

counsel, because that's when the court's setting this for hearing." In a minute order, the bankruptcy court likewise reiterated: "Hearing continued to 2/21/18 at 3:00 for [e]videntiary hearing. Debtor to be present or it will be against her along with fees towards [c]ounsel." Medina later filed an *ex parte* motion seeking to continue the February 21, 2018 hearing, but gave no explanation as to why she could not attend it. The bankruptcy court denied this request.

Medina did not appear at the February 21, 2018 hearing and has offered no excuse for failing to do so. Given the bankruptcy court's clear warnings that Medina needed to appear at the hearing or else the matter would be resolved against her, the straightforward nature of Medina's objection, the relatively small amount in dispute, and the lack of prejudice to Medina's ability to complete the confirmed plan, we cannot say that the bankruptcy court abused its discretion. *In re Eisen*, 31 F.3d at 1451.

Because we affirm the bankruptcy court's decision overruling Medina's objection for failure to prosecute, we do not consider her other challenges.

**AFFIRMED.**